# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JACUQIN BYRD,

      Plaintiff,

      v.

COURT OF COMMON PLEAS,
SCHUYLKILL COUNTY, et al.,

      Defendants.

CIVIL ACTION NO. 3:25-CV-00586

(LATELLA, M.J.)

## MEMORANDUM

Plaintiff, a *pro se* litigant, initiated the above-captioned action on April 1, 2025.  More than a year has elapsed from the date he filed his Complaint and service on Defendants has not been accomplished. Plaintiff now requests that the U.S. Marshals Service ("USMS") effectuate service.  Because Plaintiff failed to demonstrate that he first made a good faith effort at service by private means and has not provided a factual basis as to why service by the USMS is necessary, we will deny his request for service by the USMS without prejudice.

## Background and Procedural History

Plaintiff initiated the above-captioned action on April 1, 2025 and paid the requisite filing fee on April 29, 2025.  (Docs. 1, 7).  The Clerk of

1

Court issued a Summons Packet to Plaintiff for service on February 26, 2026. (Doc. 8). On May 13, 2026, we issued an Order directing Plaintiff to provide the Court with the status of service as to each Defendant. (Doc. 10). On May 26, Plaintiff filed a "Request to U.S. Marshals to Serve Process on Defendants." (Doc. 11). On that same date, he filed a "Reply to Court Order of 5/13/26 Update on Service of Process." (Doc. 12). In that Update, Plaintiff indicated that he "submitted a request to the Clerk of Court to have the U.S. Marshals Service serve process on each defendant." (*Id.*).

## Discussion

Plaintiff requests that the USMS effectuate service on all Defendants but has not demonstrated that such service is necessary. (Doc. 11). Federal Rule of Civil Procedure 4(m) requires service within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, if the plaintiff

2

shows good cause for the failure, the court "must extend the time for service for an appropriate period." *Id.*

Pursuant to Federal Rule of Civil Procedure 4(c)(3), "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916," in all other circumstances, the decision rests within the discretion of the court. *Bax v. Exec. Off. Of U.S. Atty's*, 216 F.R.D. 4, 4 (D.D.C. 2003) (citing Fed. R. Civ. P. 4(c)(3)); *see also Dooley v. Wetzel*, No. 3:18-cv-01310, 2021 WL 12143096 (M.D. Pa. Apr. 6, 2021).

In exercising its discretion, "courts have been mindful that Congress amended Rule 4 primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Jenkins-Gaylord v. Biden*, No. 2:24-CV-00017-BO, 2024 WL 3404966, *1 (E.D.N.C. July 12, 2024) (quoting *Bax*, 216 F.R.D. at 4). Accordingly, plaintiffs are "expected first to seek service by private

3

means whenever feasible rather than impose the burden on the

Marshals Service." *Cummings v. Keefer*, No. 3:22-cv-00301, 2022 WL

19403848, at \*1 (M.D. Tenn. Sept. 30, 2022) (quoting Fed. R. Civ. P. 4(c)

advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127

(1983)).  In addition, the Rule 4(c)(3) application must provide a factual

basis for why a court order is necessary to accomplish service."

*Hollywood v. Carrows Cal. Fam. Rests.*, No. CV 18-2098, 2018 WL

7461690, at \*1 (C.D. Cal. Apr. 26, 2018) (citation and internal

quotations omitted).

Here, Plaintiff failed to effect service within the time prescribed

by Rule 4(m).  However, we acknowledge a significant delay in the

issuance of the Summons Packet.  (*Compare* Doc. 1 *with* Doc. 8).

Accordingly, we find that good cause exists to extend the time for

service by an additional sixty days.

However, we do not find that Plaintiff has set forth a basis for

service by the USMS.  Plaintiff failed to demonstrate that he has made

any effort at service via private means prior to requesting service by the

USMS.  Further, he has not provided a factual basis demonstrating why

such service is necessary. *See, e.g., Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted"); *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4–5, (D.D.C. 2003) (denying motion under Rule 4(c)(3) because "the plaintiff, who is not proceeding *in forma pauperis* or as a seaman, has not attempted service by other means, such as service by registered or certified mail under Rule 4(i)"); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."); *Raiser v. United States Dist. Ct. for S. Dist. of California*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying motion where plaintiff did not first attempt to serve defendants through other means). Here, as described *supra*, Plaintiff made efforts to serve Defendants.

5

## Conclusion

For the reasons set forth herein, the time for service will be extended by sixty (60) days, Plaintiff's Request for U.S. Marshal to Serve Defendants will be denied without prejudice, and Plaintiff will be directed to accomplish service in accordance with Federal Rule of Civil Procedure 4 on or before August 3, 2026. Plaintiff is advised that failure to comply with our Order may result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 4(c). An appropriate order follows.

BY THE COURT:

Date: June 3, 2026                **/s/ Leo A. Latella**
                                  LEO A. LATELLA
                                  United States Magistrate Judge

6