**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACUQIN BYRD,<br>Plaintiff,<br>v.<br>COURT OF COMMON PLEAS, SCHUYLKILL COUNTY, et al.,<br>Defendants. | CIVIL ACTION NO. 3:25-CV-00586<br><br>(LATELLA, M.J.) |

**MEMORANDUM**

Plaintiff, a *pro se* litigant, initiated the above-captioned action on April 1, 2025. More than a year has elapsed from the date he filed his Complaint and service on Defendants has not been accomplished. We previously denied without prejudice a Motion for Service by the U.S. Marshals Service ("USMS") because Plaintiff failed to demonstrate that he made a good faith effort at service by private means. Plaintiff has now filed a second Motion for Service of Process by U.S. Marshals (Doc. 17) and has articulated the steps he has taken to attempt service on his own, without success. Accordingly, we will grant his Motion.

## **Background and Procedural History**

Plaintiff initiated the above-captioned action on April 1, 2025 and paid the requisite filing fee on April 29, 2025. (Docs. 1, 7). The Clerk of Court issued a Summons Packet to Plaintiff for service on February 26, 2026. (Doc. 8). On May 13, 2026, we issued an Order directing Plaintiff to provide the Court with the status of service as to each Defendant. (Doc. 10). On May 26, Plaintiff filed a "Request to U.S. Marshals to Serve Process on Defendants." (Doc. 11). On that same date, he filed a "Reply to Court Order of 5/13/26 Update on Service of Process." (Doc. 12). In that Update, Plaintiff indicated that he "submitted a request to the Clerk of Court to have the U.S. Marshals Service serve process on each defendant." (*Id.*). On June 3, 2026, we issued a Memorandum (Doc. 13) and Order (Doc. 14) denying Plaintiff's Motion for Service by the USMS based upon his failure to demonstrate that he made an effort to serve Defendants via private service. However, we granted his Motion to Extend the Time for Service. On June 28, 2026, Plaintiff requested that the Summons be Reissued. (Doc. 15). The Clerk of Court reissued the Summons on June 29, 2026. (Doc. 16). On July 20,

2026, Plaintiff filed a Second Motion for Service of Process by U.S. Marshals (Doc. 17), which we consider now.

## **Discussion**

For the second time, Wallace, an incarcerated *pro se* plaintiff who is not proceeding *in forma pauperis*, requests that we order service of his Complaint by the USMS. (Doc. 17).

Pursuant to Federal Rule of Civil Procedure 4(c)(3), "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916," in all other circumstances, the decision rests within the discretion of the court. *Bax v. Exec. Off. Of U.S. Atty's*, 216 F.R.D. 4, 4 (D.D.C. 2003) (citing Fed. R. Civ. P. 4(c)(3)); *see also Dooley v. Wetzel*, No. 3:18-cv-01310, 2021 WL 12143096 (M.D. Pa. Apr. 6, 2021).

In exercising its discretion, "courts have been mindful that Congress amended Rule 4 primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Jenkins-Gaylord v. Biden*, No. 2:24-CV-00017-BO, 2024 WL 3404966, *1 (E.D.N.C. July 12, 2024) (quoting *Bax*, 216 F.R.D. at 4). Accordingly, plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." *Cummings v. Keefer*, No. 3:22-cv-00301, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (quoting Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)). In addition, the Rule 4(c)(3) application must provide a factual basis for why a court order is necessary to accomplish service." *Hollywood v. Carrows Cal. Fam. Rests.*, No. CV 18-2098, 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (citation and internal quotations omitted).

When Plaintiff filed his first Motion for Service by the USMS, he included no facts suggesting that he had first made an effort at private service. (*See* Doc. 11). But in his Second Motion for Service (Doc. 17),

he now indicates that he wrote letters to four process service companies. (Doc. 17 at 1-2). Copies of that correspondence are attached to his Motion. He claims that he has not received a response from any of those companies. (*Id.*). Plaintiff further alleges that he has "no other uninterested private persons over the age of 18 available to serve process." (*Id.* at 2).

Because Plaintiff has now demonstrated that he has made efforts at service via private means prior to again requesting service by the USMS, we will grant his motion. *See, e.g., Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted"); *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4–5, (D.D.C. 2003) (denying motion under Rule 4(c)(3) because "the plaintiff, who is not proceeding *in forma pauperis* or as a seaman, has not attempted service by other means, such as service by registered or

certified mail under Rule 4(i)"); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."); *Raiser v. United States Dist. Ct. for S. Dist. of California*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying motion where plaintiff did not first attempt to serve defendants through other means).

## Conclusion

For the reasons set forth herein, Plaintiff's Request for U.S. Marshal to Serve Defendants will be granted as set forth in the accompanying Order.

BY THE COURT:

Date: August 11, 2026

**/s/ Leo A. Latella**
LEO A. LATELLA
United States Magistrate Judge